STATE v. NEESE.

1. SALE OF LIQUORS—BITTERS.—The sale of bitters, of which spirituous liquors form an ingredient, outside of an incorporated town or city of this State, having been expressly prohibited by statute (Gen. Stat., ¿ 1733), was unlawful, and a misdemeanor.

Before ALDRICH, J., Lexington, September, 1891.

The defendant, Nathan J. Neese, was indicted for selling "certain wines and bitters, of which spirituous liquors formed the principal ingredient," in the lower section of Lexington County, on January 15, 1891. The liquors sold were buckthorn bitters, gin bitters, and Schiedam schnaps. The testimony having been closed, defendant's counsel said: "The only point I desire to make is this, that the selling of patent medicine is not contrary to the statute of the State. I ask your honor to charge that to the jury; and if your honor does not agree with me, I will ask to have an exception noted."

The judge charged the jury: "I have been requested to charge you as to the sale of patent bitters: that one cannot be indicted for selling them outside of incorporated cities, towns, and villages in this State. I refuse to charge it. I charge you in the language of that act, that if this defendant sold the party herein named any spirituous liquors, bitters, or other beverages, of which spirituous liquors formed an ingredient, then he has violated the statute. The burden is upon the State to prove it. * * * One of the material inquiries will be, did spirituous liquors form an ingredient in these drinks? because you will notice the act says, 'bitters, or other beverages, of which spirituous liquors form an ingredient.' Not all bitters, or all beverages, that a party can be indicted for selling; it is, as the act says, only such bitters, or other beverages, of which spirituous liquors form an ingredient. It is incumbent on the State to prove beyond a reasonable doubt, first, that this party sold bitters, and that spirituous liquors formed an ingredient of those bitters that were sold. I can't charge you as a matter of fact, whether all bitters have spirituous ingredients in them or

not.  The statute says it must be bitters, or other beverages, of which spirituous liquors form an ingredient; so you will inquire into that as a material allegation.  It is simply a question of fact.''

Defendant was convicted and sentenced.  He then appealed upon the following ground: ''Because his honor erred in not charging the jury, that the sale of patent bitters, sold in bottles, as put up by manufacturers under United States laws, is not a violation of the statutes of this State in respect to sale of intoxicating wines and liquors without license.''

*Mr. C. M. Efird*, for appellant.

*Mr. Nelson*, solicitor, contra.

February 8, 1893.  The opinion of the court was delivered by

MR. JUSTICE POPE.  The appellant here questions the legality of his conviction on the charge of selling what is known as bitters in which spirituous liquors formed the principal ingredient, when the sale was made outside of incorporated cities, towns, and villages of this State, and was so sold by the bottle.  The statute of this State, being section 1733 of our General Statutes, provides: ''Hereafter the sale of all wines, fruits prepared with spirituous liquors, bitters, or other beverages, of which spirituous liquors form an ingredient, is hereby prohibited within the limits of this State, except in the incorporated limits of cities, towns, and villages, when they shall only be sold under the same terms as intoxicating liquors, as provided for in the preceding section.''  This statute is directly referable to the police power of the State.  Its intention is plain and its terms are definite.  The Circuit Judge at the trial below charged the jury that the sale of bitters in which spirituous liquors formed the principal ingredient, although sold by the bottle, outside the limits of incorporated cities, towns, or villages in this State, was forbidden by this statute.  We discover no error in this charge.

It is, therefore, ordered, that the appeal be dismissed, and that the cause be remanded to the Circuit Court for such pro-

ceedings as may be necessary to enforce the conviction hereto-
fore rendered.